IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUAN MALDONADO,

       **Plaintiff,**

v.                                        No. 97cv1622 JP/JHG

**KENNETH S. APFEL,**
**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Plaintiff's (Maldonado's) Motion to Reverse and Remand Administrative Decision, filed July 29, 1998. The Commissioner of Social Security issued a final decision denying Maldonado's application for disability insurance benefits. The United States Magistrate Judge, having considered the arguments, pleadings, administrative record, relevant law, and being otherwise fully informed, finds the motion is well-taken in part and recommends that it be GRANTED.

Maldonado, now fifty-one years old, filed his applications for disability insurance benefits on August 24, 1995, alleging disability since March 12, 1993, due to lower back problems secondary to an on-the-job injury which occurred September 24, 1990, and subsequent disc fusion surgery. He attended school in Mexico through the second grade. He has past relevant work experience as a janitor and a maintenance worker. He was able to speak both Spanish and English and to read some Spanish and English. Maldonado last worked in 1993. The Commissioner denied Maldonado's

application for disability insurance benefits both initially and on reconsideration. After conducting an administrative hearing, the Commissioner's Administrative Law Judge (ALJ) found Maldonado had the residual functional capacity for light work, not functionally literate in English, and his past work was unskilled. Applying the grids, the ALJ concluded Maldonado was not disabled. The Appeals Council denied Maldonado's request for review of the ALJ's decision. Hence, the decision of the ALJ became the final decision of the Commissioner for judicial review purposes. Maldonado seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. §405(g).

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *Hamilton v. Secretary of Health and Human Services,* 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

In order to qualify for disability insurance benefits or supplemental security income, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993)(citing 42 U.S.C. §423(d)(1)(A)). The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520 (a-f) (1995). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. *Thompson v. Sullivan*, 987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show he is not

engaged in substantial gainful employment, he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities, and his impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or he is unable to perform work he had done in the past. 20 C.F.R. §§ 404.1520 and 416.920 (1995). At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. *Id.*

In support of his motion to reverse and remand, Maldonado argues the ALJ erred in not finding his failed back fusion, combined with debilitating pain, met or equaled Listing 1.05(C) at step three. Listing 1.05 (C) requires the claimant to establish both of the following impairments persisting for at least three months despite prescribed therapy and expected to last twelve months:

1. Pain, muscle spasm and significant limitation of motion in the spine; and

2. Appropriate radicular distribution of significant motor loss with muscle weakness and sensory and reflex loss.

In this case, On September 19, 1994, Dr. McCutcheon found leg circumferences were equal and that muscle testing was grossly within normal limits. Tr. 138. Dr. McCutcheon also noted decreased sensation over the L3 and S1 dermatomes on the right. *Id.* On July 20, 1995, Dr. Castillo found no evidence of gross atrophy on the right side. Tr. 141.On January 26, 1995, Dr. Burg found no evidence of atrophy, full strength in all muscle groups, and intact sensation bilaterally. Tr. 156.

The medical records and physician's reports constitute substantial evidence which supports the ALJ's finding that Maldonado's condition did not meet all the requirements of listing 1.05(C). This court is not free to re-weigh the evidence or substitute its judgment for that of the ALJ. *Glass*

*v. Shalala*, 43 F.3d at 1395. This court may not reverse the ALJ merely because there is also evidence which supports the claimant. *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992). The ALJ analyzed the medical evidence and testimony and concluded Maldonado did not meet the listings at step three. This determination is supported by substantial evidence. Therefore, Maldonado's first argument is without merit.

Maldonado also argues the ALJ's finding he can perform light work is not supported by substantial evidence. In support of this argument, Maldonado submits the ALJ did not properly analyze the conflicting evidence and took the treating physicians' reports of inappropriate illness behavior out of context.

Light work involves lifting no more than twenty pounds at a time, with frequent lifting and carrying of objects weighing up to ten pounds. 20 C.F.R. §404.1567 (b) (1995). Although the weight lifted may be very little, this category includes jobs which require a good deal of walking or standing, or sitting most of the time with some pushing and pulling of arm and leg controls. *Id.* In arriving at his determination that Maldonado retained the residual functional capacity to perform the full range of light work, the ALJ relied on the records and reports of Dr. Stern, Dr. Castillo, and Dr. Burg. Tr. 10. Dr. Stern found Maldonado was capable of working in the light to medium capacity for 45 minutes to an hour. Tr. 111. Dr. Castillo did not state an opinion as to the level of exertion. Tr. 140-142. Dr. Burg opined Maldonado would be capable of performing the job of VCR repairman, based on the assumption it probably required very little lifting of heavy objects or bending. Tr. 155.

While these reports offer some evidence that Maldonado is able to perform some work activities, the vast bulk of the medical evidence unequivocally establishes that Maldonado suffered from the non-exertional impairment of pain. In light of this overwhelming evidence, the ALJ's

4

determination that Maldonado was capable of performing the full range of light work is not supported by substantial evidence. Thus, a remand is required.

Moreover, the ALJ did not properly evaluate Maldonado's claims of disabling pain. In evaluating a claim of disabling pain, the appropriate analysis considers (1) whether there is objective medical evidence of a pain producing impairment, (2) whether there is a loose nexus between this objective evidence and the pain, and (3) whether, in light of all the evidence, both objective and subjective, the pain is in fact disabling. *Glass v. Shalala*, 43 F.3d at 1395 (citing *Luna v. Bowen*, 834 F.2d 161, 163 (10th Cir. 1987)).

In this case, the ALJ did not expressly follow the *Luna* analysis. Instead, he by-passed the first two steps and concluded that Maldonado was not credible because there were indications in the record of malingering. In other words, the ALJ substituted a credibility finding for the full pain analysis. This was not proper. On remand, the ALJ should expressly follow the *Luna* pain analysis. With respect to the pain analysis, the ALJ did not apply correct legal standards and substantial evidence does not support his decision. On remand, the ALJ should analyze fully Maldonado's complaints of disabling pain and apply the appropriate pain analysis.

In addition, the ALJ erred by relying on the grids at step five. At step five, the burden of proof shifts to the Commissioner to show that the claimant retains the residual functional capacity to do work which exists in the national economy. *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). In certain cases, at the fifth step, the ALJ may rely solely on the grids.

The grids reflect the existence of jobs in the national economy at various residual functional levels by incorporating administrative notice of occupational publications and studies. 20 C.F.R. § §404.1566(d); 416.969a (1995). The grids aid the Commissioner in determining what specific jobs

exist in the national economy for the claimant. To apply the grids, the ALJ must make findings of fact as to age, education, work experience, and residual functional capacity. 20 C.F.R. §§404.1545, 404.1563-.1565; 416.969a (1995). These findings of fact are plugged into the grids to produce a factual conclusion of disability. 20 C.F.R. §§ 404.1569; 416.969a (1995).

The grids assume that a claimant's sole limitation is lack of strength, also known as an exertional impairment. 20 C.F.R. Part 404, Subpt. P, App. 2, §200.00 (e)(2)(1995). In a case such as this, where a claimant presents evidence of both exertional and non-exertional impairments, the ALJ must make findings on how much a claimant's work ability is further diminished by the non-exertional limitations. *Id.* If the non-exertional limitations are significant enough to further reduce work capacity, the ALJ may not rely solely on the grids but must instead give full consideration to all relevant facts, including expert vocational testimony if necessary, in order to determine whether a claimant is disabled. *Channel v. Heckler*, 747 F.2d 577, 583 (10th Cir. 1984).

In other words, the grids cannot be used conclusively when a non-exertional impairment limits a claimant's ability to perform the full range of work in a particular residual functional capacity category. *Talbot v. Heckler*, 814 F.2d 1456, 1460 (10th Cir. 1987). When non-exertional limitations are present, the grids can only be used as a framework for considering the extent to which such limitations further diminish the claimant's ability to work by reducing the types of jobs that the claimant would otherwise be able to perform. *Talbot*, 814 F.2d at 1460; 20 C.F.R. Pt. 404, Subpt. P., App. 2, § 200.00 (e)(2) (1995). In assessing the extent to which a claimant's ability to work is eroded by his non-exertional impairments, the ALJ will normally need to obtain the testimony of a vocational expert. *Hargis v. Sullivan*, 945 F.2d 1482, 1491 (10th Cir. 1991).

In this case, the ALJ found Maldonado's residual functional capacity for the full range of light

6

work which was not limited by his pain. This determination is not supported by substantial evidence. The record clearly establishes Maldonado's chronic back pain limits his ability to work. On remand, the ALJ should complete the sequential evaluation in light of this limitation.

## RECOMMENDED DISPOSITION

The ALJ did not apply correct legal standards and his decision is not supported by substantial evidence. Maldonado's Motion to Reverse and Remand Administrative Decision, filed July 29, 1998, should be granted. This case should be remanded to the Commissioner in order to allow the ALJ the opportunity to complete the sequential evaluation process in light of Maldonado's non-exertional impairments, to analyze Maldonado's complaints of disabling pain under the *Luna* pain analysis, and to obtain vocational expert testimony at step five to determine whether Maldonado is disabled within the meaning of the Social Security Act.

**JOE H. GALVAN**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.